IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GREATER KANSAS CITY LABORERS PENSION FUND, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil No. 4:14-CV-229-SRB |
| AL MUEHLBERGER CONCRETE COMPANY, LLC., | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiffs' Motion for Summary Judgment. (Doc. #25). For the reasons stated below, Plaintiffs' motion is denied.

**I.    Legal Standard**

A moving party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine dispute over a material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

"Summary judgment is appropriate if the evidence, viewed in the light most favorable to the [nonmovant] and giving [the nonmovant] the benefit of all reasonable inferences, shows there are no genuine issues of material fact and [the movant] is entitled to judgment as a matter of law." Price v. N. States Power Co., 664 F.3d 1186, 1191 (8th Cir. 2011) (citation omitted). "Once the moving party has made and supported their motion, the nonmoving party must proffer

1

admissible evidence demonstrating a genuine dispute as to a material fact." Holden v. Hirner, 663 F.3d 336, 340 (8th Cir. 2011) (citation omitted). A party opposing summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." Thomas v. Corwin, 483 F.3d 516, 526–27 (8th Cir. 2007) (citation omitted). Summary judgment should not be granted if a reasonable jury could find for the nonmoving party. Woodsmith Publ'g Co. v. Meredith Corp., 904 F.2d 1244, 1247 (8th Cir. 1990) (citing Anderson, 477 U.S. at 248).

**II.     Background**

Considering the parties' factual positions as well as the record made at the in-person hearing held on October 13, 2015, in the light most favorable to the non-moving party, the Court finds the relevant facts to be as follows:

Plaintiff the Greater Kansas City Laborers Pension Fund ("Pension Fund") is a trust fund and employee benefit plan that was established on April 24, 1965. The situs of the Pension Fund is Kansas City, Missouri. The Pension Fund is primarily funded by participating employers' contributions pursuant to negotiated collective bargaining agreements between labor organizations that represent the employees of those same employers. Under ERISA, the trustees of the Pension Fund are authorized to bring civil actions on behalf of the Pension Fund for the purposes of collecting withdrawal liability.

Al Muehlberger Concrete Construction, Inc. ("INC") was an employer who contributed to the Pension Fund. On August 15, 2010, INC was administratively dissolved. The dissolution constituted a complete withdrawal from the Pension Fund, which triggered withdrawal liability

to the Pension Fund. INC failed to make the payments demanded by the Pension Fund pursuant to 29 U.S.C. §§ 1381 *et seq*.

The Pension Fund filed the present case on March 10, 2014, against Al Muehlberger Concrete Construction, LLC ("LLC"), seeking to hold LLC liable for INC's withdrawal liability under a theory of successor liability. The parties dispute whether LLC is INC's successor, and disagree about, among other things, whether there was a direct transfer of assets from INC to LLC and whether there was a continuity of ownership. Plaintiff Pension Fund, by its motion for summary judgment, seeks a ruling that LLC is a successor to INC, and thus liable for INC's withdrawal liability.

### III. Discussion

Plaintiff Pension Fund argues LLC is INC's successor and that it has presented "conclusive evidence that there is substantial continuity between the predecessor [INC] and [Defendant LLC]." (Doc. #26, p. 15; Doc. #38, p. 9). LLC contends that genuine issues of material fact remain regarding whether it can be held liable as a successor "for the past debts of a wholly separate, wholly distinct, long-defunct corporation." (Doc. #33, p. 1).

"The doctrine of successor liability provides an equitable exception to the general rule that a buyer takes the assets of his predecessor free and clear of all liabilities . . . ." Nutt v. Kees, 796 F.3d 988, 990 (8th Cir. 2015). "[Successor liability] allows a plaintiff with a claim against the seller to collect from the purchaser . . . [and] ensures that a victimized plaintiff has a complete remedy for the harm he suffered, even if the actual wrongdoer is defunct or otherwise unable to redress his damages." Id. "The leading approach to resolving questions of successor liability remains . . . a nine-factor test to be applied on a case-by-case basis." Prince v. Kids Ark Learning Ctr., LLC, 622 F.3d 992, 995 (8th Cir. 2010). "These considerations include: (1)

3

whether the successor company had notice of the charge; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuation of business operations; (4) whether the new employer uses the same plant; (5) whether the new employer uses the same or substantially the same work force; (6) whether the new employer uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether the new employer uses the same machinery, equipment, and methods of production; and (9) whether the new employer produces the same product." Id. "In light of the difficulty of the successorship question . . . emphasis on the facts of each case as it arises is especially appropriate." Chicago Truck Drivers v. Tasemkin, Inc., 59 F.3d 48, 49 (7th Cir. 1995) (citing Howard Johnson Co., Inc. v. Detroit Local Joint Exec. Bd., 417 U.S. 249, 256 (1974)) (internal quotations omitted); see also Steinbach v. Hubbard, 51 F.3d 843, 846 (9th Cir. 1995).

     Initially, the parties disagree, and present conflicting evidence, as to whether LLC is INC's "successor." Defendant LLC disputes a number of facts that Plaintiff Pension Fund relies on to establish substantial continuity, such as whether the entities shared the same owner, shared a significant number of employees, and shared the same type of work. Further, the parties disagree upon a number of the other nine factors this court will evaluate at trial to determine whether successor liability is proper. Thus, based upon the summary judgment record, viewed favorably to LLC, there are genuine disputes of material fact, and summary judgment is inappropriate. See, e.g., Welch v. Coatings & Sys. Integration, Ltd., No. 1:12-CV-49-SNLJ, 2013 WL 943559, at *4 (E.D. Mo. Mar. 11, 2013) (denying Defendant's motion for summary judgment regarding successor liability where "Plaintiff has shown that disputed issues of fact

4

exist" . . . "as to whether [an alleged successor company] is a continuation of and thus liable for the acts of [two alleged predecessor companies]").

## IV.     Conclusion

For the foregoing reasons, it is hereby ORDERED: Plaintiffs' Motion for Summary Judgment (Doc. #25) is DENIED.

IT IS SO ORDERED.

/s/ Stephen R. Bough<br>
STEPHEN R. BOUGH<br>
UNITED STATES DISTRICT JUDGE

Dated:  October 26, 2015